VERA M. GERARD, Plaintiff, *v.* JAMES GERARD, JR., Defendant.

Supreme Court, Special Term, New York County, January 19, 1943.

*Moritt & Eisenstein* for defendant.

*Ralph Bernstein* for plaintiff.

LEVY, J.   After the institution of this separation suit the defendant commenced an action for divorce against this plaintiff in the State of Nevada, and a decree followed.  Defendant moves for judgment on the pleadings and for summary judgment.   The record fails to disclose upon what findings, if any, of residence or domicile the foreign decree was made and none in the circumstances will be presumed.  In *Williams* v. *North Carolina* (317 U. S. 287, 302), the United States Supreme Court said:  "But the question for us is a limited one.   In the first place, we repeat that in this case we must assume that petitioners had a *bona fide* domicil in Nevada, not that the Nevada domicil was a sham.  We thus have no question on the present record whether a divorce decree granted by the courts of one state to a resident, as distinguished from a domiciliary, is entitled to full faith and credit in another state.   Nor do we reach here the question as to the power of North Carolina to refuse full faith and credit to Nevada divorce decrees because, contrary to the findings of the Nevada court, North Carolina finds that no *bona fide* domicil was acquired in Nevada."

The burden is upon defendant to show that the issues here come within the limited question there decided, and this he has not done.  In overruling *Haddock* v. *Haddock* (201 U. S. 562) the Supreme Court now holds merely that in determining the binding effect of the decree the question whether the plaintiff in the foreign action was a wrongful deserter is not to be considered.  If defendant believes that the United States Supreme Court would broaden its holding to include the issues here presented so as to command that full faith and credit be given the Nevada decree, let him secure such ruling.

The motion is in all respects denied.